UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM OSCAR HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 2:13-cv-214-WTL-MJD |
| ) | |
| UNITED STATES AND THE FEDERAL ) | |
| BUREAU OF PRISONS, ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Dismissing Action**

**I.**

**A.**

The plaintiff's request to proceed *in forma pauperis* [dkt 2] is **granted.**

The assignment executed by the plaintiff permitting the court to seek payment of the filing fee from the United States Treasury is not a form of payment which the court can accept.

A separate order requiring payment of the filing fee as specified in 28 U.S.C. § 1915(b) will be issued.

**B.**

Because the plaintiff is a Aprisoner@ as defined by 28 U.S.C. ' 1915(h), the court is obligated pursuant to 28 U.S.C. ' 1915A(b) to dismiss any legally insufficient claim(s) in the complaint. *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006).

Thus, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921

(2007). This can mean either that the complaint is insufficient "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

### C.

Plaintiff Harris is confined at a federal prison in this District and uses the Administrative Procedures Act ("APA") to challenge his placement in a particular unit there, that being the Communications Management Unit ("CMU").

The APA provides a cause of action for persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," 5 U.S.C. § 702, but withdraws that cause of action to the extent that the relevant statute "preclude[s] judicial review" or the "agency action is committed to agency discretion by law," *id.* § 701(a).

The placement Harris challenges is the result of discretion by the Federal Bureau of Prisons. *See Cook v. United States,* 2012 WL 5398184, at *3–4 (D.S.C. Oct. 3, 2012); *Irvin v. Owens,* 2012 WL 1534787, at *5 (D.S.C. Apr. 30, 2012) (finding federal statutes leave discretion to BOP officials as to classification decisions); *United States v. Gomez–Vieyra,* 112 F. App'x 521, 524 (7th Cir. 2004); *Caudle v. United States,* 1995 WL 730817, at *1 (7th Cir. Dec. 8, 1995) (citing *Moody v. Daggett,* 429 U.S. 78, 88 n. 9 (1976)). Additionally, Congress specified in 18 U.S.C. § 3625 that "[t]he provisions of sections 554 and 555 and 701 through 706 of [the APA] do not apply to the making of any determination, decision, or order under [18 U.S.C. §§ 3621-3625]." 18 U.S.C. § 3625. One such statute provides in pertinent part:

> [T]he Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or

>without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering the resources of the facility contemplated; the nature and circumstances of the offense; [or] the history and characteristics of the prisoner . . . [T]he Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b)(1), (2), (3), (5). Thus, a designation made pursuant to the foregoing may not be challenged under the APA because the relevant statute "preclude[s] judicial review" and because or the "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). *See McKune v. Lile,* 536 U.S. 24, 39 (2002)("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.").

Additionally, due process does not require more procedures than Harris has received, *see Rezaq v. Nalley,* 677 F.3d 1001, 1011 (10th Cir. 2012); *Grayson v. Rison,* 945 F.2d 1064, 1067 (9th Cir. 1991) (due process is not implicated in federal prisoner's transfer to less desirable unit), and Harris does not allege that the conditions of the CMU transgress any interest protected by the Eighth Amendment. *See Helling v. McKinney,* 509 U.S. 25, 31 (1993)("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment"; prison officials have a duty to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and by taking reasonable measures to guarantee the safety of the inmates).

### D.

For the reasons explained above, the complaint fails to survive the screening required by ' 1915A, because it fails to state a claim upon which relief can be granted. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 07/15/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

William Oscar Harris
#40743-050
Terre Haute FCI
P.O. Box 33
Terre Haute, IN 47808